UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| KENDRICK L. BUGG, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:02-CR-72-CLC-1 |
| | ) | | 1:16-CV-326-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's successive petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 210]. Petitioner submitted the petition on August 1, 2016 [Doc. 195], and the Sixth Circuit authorized consideration of the same on November 8, 2016 [Doc. 200]. In it, he challenges his enhancement under § 4B1.1 of the United States Sentencing Guidelines and his conviction under 18 U.S.C. § 924(c) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual provisions in Section 4B1.2 and § 924(c) are equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

## I. BACKGROUND

In 2003, a jury convicted Petitioner of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of § 924(c)(1)(A)(ii) [Doc. 103]. Based on two prior Tennessee convictions—a 1998 simple robbery conviction and a 2001 simple robbery conviction [Presentence Investigation Report (PSR) ¶¶ 44, 45], the United States Probation Office deemed Petitioner to be a career offender under § 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 19]. In accordance with that designation, this Court sentenced Petitioner to an aggregate term of 324 months' imprisonment on April 18, 2003 [Doc. 103]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on July 8, 2003 [Doc. 107]. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

In 2005, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 125]. This Court denied that petition on the merits on February 5, 2007 [Doc. 143].

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., an adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

The United States Supreme Court decided *Johnson* on June 26, 2015. On November 8, 2016, the Sixth Circuit authorized the instant successive petition for relief based on that decision [Doc. 200].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). The United States moved to deny and dismiss [Doc. 210]; Petitioner did not reply.

## II. MOTION TO DENY AND DISMISS WITH PREJUDICE

On March 30, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 210]. Petitioner has not filed a response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

IV.   **ANALYSIS**

The petition articulates two grounds for relief: the first seeks vacatur of his aggregate sentence because the *Johnson* decision removed Tennessee simple robbery from the definition of "crime of violence" in Section 4B1.2, meaning Petitioner no longer qualifies as a career offender (Ground One); the second requests vacatur of one of the two § 924(c) convictions because the *Johnson* decision removed Hobbs Act robbery from the definition of "crime of violence" in § 924(c)(3)(B) (Ground Two) [Doc. 195]. The Sixth Circuit only authorized this Court to consider Ground One [Doc. 200 (denying leave to challenge § 924(c) conviction because Petitioner had not "made a prima facie showing that he may be entitled to relief" (citing *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016))], and thus it lacks subject matter jurisdiction over Ground Two.

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior Tennessee simple robbery conviction cannot be categorized as a crime of violence without that provision, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect his offense level, that decision cannot serve as a basis for granting relief. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause).

V.   **CONCLUSION**

Because *Beckles* forecloses *Johnson*-based collateral relief from Petitioner's Guideline enhancement and because this Court interprets his failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss [Doc. 210] will be **GRANTED** and the petition [Doc. 195] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**An appropriate order will enter.**

    /s/
**CURTIS L. COLLIER**
**U.S. DISTRICT COURT JUDGE**